UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY DAVIS,

    Plaintiff,

v.                                                                                    Case No. 10-14397

DENNIS STRAUB, ROSE SPENCE,                      HONORABLE AVERN COHN
BLAINE LAFLER, STEVEN RIVARD,
JULIUS MAYFIELD, DARLENE LANCE,
JAMES ARMSTRONG, and RICHARD
STAPLETON,

    Defendants.

_____/

**ORDER
ADOPTING REPORT AND RECOMMENDATION (Doc. 25)
AND
GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
(Docs. 10, 16, 24)
AND
DISMISSING CASE**

I.

This is a _pro se_ prisoner civil rights case. Plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), asserts a claim under 42 U.S.C. § 1983 for violation of constitutional rights under the First Amendment. In broad terms, plaintiff alleges that defendants Dennis Straub, Steven Rivard, Rose Spence, Blaine Lafler, Julius Mayfield, Darlene Lance, Richard Stapleton, and James Armstrong retaliated against him for reporting alleged abuses by Spence related to an incident occurring on July 5, 2005. The matter has been referred to a magistrate judge for all pretrial proceedings. Defendants filed motions for summary judgment. Docs. 10, 16,

24. The magistrate judge issued a Report and Recommendation (MJRR) recommending that the motions be granted. Before the Court are plaintiff's objections to the MJRR. For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and defendants' motions for summary judgment will be granted.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III.

As an initial matter, the magistrate judge recommended that the Court sua sponte dismiss defendants Straub, Lafler, Rivard, Stapleton, Armstrong, Mayfield, and Lance for failure to state a claim because plaintiff has not alleged any personal involvement by these defendants or otherwise alleged how they were involved in retaliating against plaintiff.  Plaintiff has not objected to the MJRR on this point and in fact agrees with the magistrate judge.  See Objections at p. 1.  Accordingly, these defendants will be dismissed for the reasons stated in the MJRR.

Regarding the remaining defendant, Spence, the magistrate judge recommends that summary judgment be granted because plaintiff's claim is barred by the three-year statute of limitations.  Plaintiff's objection essentially repeats the arguments considered and rejected by the magistrate judge inasmuch as plaintiff contends that his claim is not time-barred.  The magistrate judge carefully explained that plaintiff's claim is untimely, even giving plaintiff the maximum possible amount of tolling.  Plaintiff contends, as he did before the magistrate judge, that the statute does not start running until the end of the administrative process.  Plaintiff is mistaken.  While the statute is tolled during the administrative process, it does not mean that the clock does not start until the process is completed.  As the magistrate judge noted, by delaying the filing of a grievance, a plaintiff bears a risk that not only will the prison reject it as untimely, but also that a subsequent lawsuit under § 1983 will be time-barred.  Plaintiff's objection fails to convince the Court that the magistrate judge erred.  Accordingly, it is overruled.

IV.

For the reasons stated above, the MJRR is ADOPTED as the findings and conclusions of the Court. Defendants' motions for summary judgment are GRANTED. This case is DISMISSED.

SO ORDERED.

Dated: June 13, 2011

     S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Perry Davis 121739, Mound Correctional Facility, 17601 Mound Road, Detroit, MI 48212 and the attorneys of record on this date, June 13, 2011, by electronic and/or ordinary mail.

     S/Julie Owens
Case Manager, (313) 234-5160